# UNITED STATES DISTRICT COURT

for the

### Eastern District of Kentucky
### Covington Division

| | |
|---|---|
| Lori Huffman | ) |
| *Plaintiff* | ) |
| | ) |
| v. | )  Case No. |
| | ) |
| LVNV Funding, LLC | ) |
| *Defendant* | ) |
| Serve: | ) |
|     Corporation Service Company | ) |
|     2711 Centerville Road, Suite 400 | ) |
|     Wilmington, DE 19808 | ) |
| | ) |

## COMPLAINT and DEMAND FOR JURY TRIAL

\*       \*       \*       \*       \*

### INTRODUCTION

1.  This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

### JURISDICTION

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3.  Plaintiff Lori Huffman (f/k/a Lori Wilson) is a natural person who resides in Boone County, Ky.  Ms. Huffman is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.  Defendant, LVNV Funding, LLC ("LVNV"), is a foreign limited liability company, which has not registered with the Kentucky Secretary of State. LVNV is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187.

5.      LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

6.      On July 9, 2009, North Star Capital Acquisition, LLC ("North Star") filed suit against Ms. Huffman in the Boone District Court of Boone County, Kentucky under Case No. 09-C-01888 (the "State Court Lawsuit").

7.      A true and accurate copy of North Star's complaint in the State Court Lawsuit is attached as Exhibit "A."

8.      North Star's complaint was an attempt to collect a charged-off credit card debt issued by Capital One Bank (USA), N.A. ("Capital One").

9.      The Capital One credit card at issue in the State Court Lawsuit was used solely for personal, family, or household purposes, which makes the charged-off credit card debt a "debt" within the meaning of the FDCPA.

10.     North Star's complaint provides in pertinent part:

### COMPLAINT
✱✱✱  ✱✱✱  ✱✱✱  ✱✱✱  ✱✱✱

Comes the Plaintiff, the Creditor herein, by Counsel, and for its complaint, states as follows:

1.     That the account of LORI A WILSON is in default.

2.     Said account is due and payable to North Star Capital Acquisition , LLC, having acquired the account through sale, assignment or other legal means.

3.     The original creditor is  CAPITAL ONE BANK (USA) NA.

4.     The Defendant(s) owes Plaintiff $921.73, with interest thereon at the rate of 25.9% per annum from June 24, 2003  until paid.

6.      The demand for interest at 25.90% per annum is grossly excessive and plainly usurious under Kentucky law.

7.      The legal rate of interest under Kentucky law is 8.00% per annum.

8.      By charging usurious interest, North Star, and LVNV as its successor in interest, have forfeited its right to recover *any* interest from Ms. Huffman:

> The taking, receiving, reserving, or **charging a rate of interest greater than is allowed by KRS 360.010**, when knowingly done, **shall be deemed a forfeiture of the entire interest** which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon.

KRS 360.020 (bolding added).

9.      North Star moved for and was granted default judgment against Ms. Huffman on September 8, 2009 (the "Default Judgment").

10.      A true and accurate copy of the Default Judgment is attached as Exhibit "B."

11.      The Default Judgment provides in pertinent part:

**DEFAULT JUDGMENT** |BY         DC|

This cause having come for hearing upon Motion of the Plaintiff for a Default Judgment herein, and it appearing to the Court that the Defendant, having been duly summoned, has failed to answer or otherwise plead within the time prescribed by law, and appearing from the Affidavit filed in support of Plaintiff's Motion that the Defendant is not in the military service of the United States.

It is ORDERED and ADJUDGED that the Plaintiff recover from the Defendant the sum of $921.73, with interest thereon at the rate of 25.9% per annum from June 24, 2003 until date of judgment with 12% per annum thereafter until paid , plus court costs ., for all of which it may have execution.

12.      While the Default Judgment awards LVNV its "court costs," no amount of court costs is included or set forth in the Default Judgment.

13.      Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse

> on the face of the judgment the total amount of costs recoverable as
> a part of the judgment. Exceptions shall be heard and resolved by
> the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

14.     The purpose of requiring the prevailing party to file a bill of costs is twofold: (i) to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and (ii) to subject the award of costs to judicial oversight and review.

15.     If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

16.     North Star did not file a bill of costs in the State Court Lawsuit.

17.     North Star did not serve a bill of costs on Ms. Huffman related to its costs expended in the State Court Lawsuit.

18.     There is no supplemental judgment entered in the State Court Lawsuit awarding North Star costs.

19.     On September 9, 2013, LVNV filed a notice of assignment in the State Court Lawsuit (the "Notice of Assignment").

20.     A true and accurate copy of the Notice of Assignment is attached as Exhibit "C."

21.     The Notice of Assignment provides in pertinent part:

## NOTICE OF ASSIGNMENT

Comes the Plaintiff, by and through Counsel, and notifies this Court that the named Plaintiff, North Star Capital Acquisition, LLC, has assigned the underlying claim, which is the subject of this action, to LVNV FUNDING LLC, as evidenced by the attached Exhibit A. As such, all further pleadings entered in this case will reference the Plaintiff as LVNV FUNDING LLC.

22.     At the time North Star assigned the Default Judgment to LVNV, North Star did not have any right to collect any court costs from Ms. Huffman because at no time prior to the assignment did North Star file a bill of costs in the Boone District Court case.

23.     Because North Star had no right to recover court costs at the time of the assignment to LVNV, LVNV did not receive any right to collect court costs from Ms. Huffman under the assignment.

24.     "[A]n assignee such as [LVNV] acquires no greater right than was possessed by his

-4-

assignor, here [North Star], but simply stands in the shoes of the latter, subject to all equities and defenses which could have been asserted against the chose in the hands of the assignor at the time of the assignment." *Whayne Supply Co. v. Morgan Const. Co*., 440 S.W.2d 779, 782-83 (Ky. 1969).

25.     On August 1, 2016, LVNV filed and served a non-wage garnishment on Ms. Huffman's bank (the "Garnishment").

26.     A true and accurate copy of the Garnishment is attached as Exhibit "D."

27.     The Garnishment provides in pertinent part:



28.     The Garnishment includes court costs and usurious interest that LVNV has no legal right to collect from Ms. Huffman.

29.     The "Probable Court Costs" of $20.00 includes statutory fees that are not recoverable court costs under Kentucky law and for which no Bill of Costs was filed.

30.     LVNV violated the FDCPA by misrepresenting the amount of the Capital One credit card debt and by collecting and attempting to collect usurious interest and additional fees and costs from Ms. Huffman that it had no legal right to collect from her.

## Claims for Relief

### I.     Violations of the FDCPA

31.     The foregoing acts and omissions of LVNV Funding, LLC constitute violations of the FDCPA, including, but not limited to violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lori Huffman requests that the Court grant her the following relief:

1.      Award Plaintiff actual damages;

2.      Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k;

3.      Award Plaintiff reasonable attorney's fees and costs;

4.      A trial by jury; and

5.      Such other relief as may be just and proper.


Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com